# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., : | |
|     *Plaintiff*, : | Case No. 1:17-cv-00745-YK |
| v. : | |
| MONICA M. ARCHIE and SHEILA : | |
| CORBETT, individually and d/b/a PM : | |
| BISTRO & LOUNGE and 2009 STATE : | |
| STREET ENTERPRISES, LLC, an : | |
| unknown business entity d/b/a PM : | |
| BISTRO & LOUNGE, : | |
|     *Defendants*. : | |

## DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendants, Monica M. Archie ("Archie") and 2009 State Street Enterprises, LLC (collectively, "Defendants"), through undersigned counsel, hereby move to set aside the Entry of Default in the above-referenced matter [Dkt. No. 18] and in support thereof, aver as follows:[1]

1. An Entry of Default [Dkt. No. 18] was filed on January 9, 2018.

2. Pursuant to Fed. R. Civ. P. 55(c), Defendants respectfully submit that good cause exists set aside the Entry of Default.

3. The U.S. Court of Appeals for the Third Circuit has identified three (3) factors that should be considered when determining whether to set aside a default

---

[1] In accordance with Local Rule 7.1, Defendants intend to file a Brief in Support of the instant Motion within fourteen (14) days.

judgment: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

4. Defendants can satisfy each enumerated factor in favor of setting aside the Entry of Default.

5. First, the Plaintiff in this case, J & J Sports Productions, Inc., will not be prejudiced in any way if the Entry of Default is set aside and this action is allowed to continue.  Indeed, "[m]ere delay in realizing satisfaction on a claim rarely rises to the level of prejudice required to prevent setting aside default." Austin v. Nugent, No. 3:16-1567, 2016 WL 7048994, at *6 (M.D. Pa. Dec. 5, 2016) (Mannion, J.).

6. Second, Defendants have a meritorious defense to the claims levied against them, to wit, the manner and extent to which the *Program* at issue was actually displayed.  Indeed, Plaintiff itself concedes that it "is unsure of the specific method of violation."  [Dkt. No. 19-8 (Page 8 of 23).]  Moreover, and regardless how the *Program* was displayed, Defendants intend to demonstrate that they did not willfully violate either Section 605 or 533, nor was any such alleged violation done for purposes of commercial advantage or private financial gain.  E.g., Austin, 2016 WL 7048994, at *5 ("The defaulting party is not required to prove beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to

the action which at least has merit on its face."). In addition, Archie will argue that she cannot be held individually liable for any alleged violation because she did not knowingly authorize a violation of any applicable law, nor did she have the ability to supervise the violation, nor did she have a strong financial interest in such activity.

7. Third, Defendants' delay in answering the Complaint, which resulted in the Entry of Default, was not "willful or in bad faith." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d. Cir. 1982); see also Hritz v. Woman Corp., 732 F.2d 1178, 1193 (3d Cir. 1984) (noting the standard for culpable conduct requires more than mere negligence). Despite evidence of service [Dkt. No. 9], Archie does not specifically recall receiving any document in this case other than the Application for Default Judgment [Dkt. No. 19] filed by Plaintiff on April 16, 2018. Upon receipt of same, Archie provided a copy to undersigned counsel, who, thereupon, contacted Plaintiff's counsel to introduce himself and began preparing the instant motion for filing with the Court.

8. For these reasons, Defendants respectfully submit that there exists good cause to set aside the Entry of Default and that, once it has been set aside, Defendants will promptly file an Answer to the Complaint, thus allowing this matter to proceed toward a decision on the merits:

> Generally, courts disfavor defaults and any doubts should be resolved in favor of setting the default aside and reaching a decision on the merits. Courts should apply a standard of 'liberality' and not one of 'strictness' in deciding a typical motion to set aside a default.

Additionally, less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment.

<u>Austin</u>, 2016 WL 7048994, at *5 (alterations, citations, and quotations omitted).

WHEREFORE, for the reasons set forth above, Defendants, Monica M. Archie and 009 State Street Enterprises, LLC, respectfully request that this Court grant this Motion to Set Aside Entry of Default.

    Respectfully submitted,

    Pillar+Aught

By:   /s/ *Dean Piermattei*
    Dean F. Piermattei, Esq.
    Attorney I.D. No. 53847 (PA)
    dpiermattei@pillaraught.com
    **Pillar+Aught**
    4201 E. Park Circle
    Harrisburg, PA  17111
    (717) 308-9910 (phone)
    (717) 686-9862 (fax)

*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2018, a true and correct copy of the foregoing Motion to Set Aside Entry of Default was served electronically on the following:

Johanna H. Rehkamp
Ralph M. Salvia
Cunningham Chernicoff & Warshawsky, P.C.
2320 North Second Street
Harrisburg, PA  17110
*Attorneys for Plaintiff*

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/ *Dean Piermattei*