**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | : | |
| *Plaintiff*, | : | Case No. 1:17-cv-00745-YK |
| | : | |
| v. | : | |
| | : | |
| MONICA M. ARCHIE and SHEILA | : | |
| CORBETT, individually and d/b/a PM | : | |
| BISTRO & LOUNGE and 2009 STATE | : | |
| STREET ENTERPRISES, LLC, an | : | |
| unknown business entity d/b/a PM | : | |
| BISTRO & LOUNGE, | : | |
| *Defendants*. | : | |

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

**I.    Relevant Background**

On April 27, 2017, Plaintiff, J & J Sports Productions, Inc. ("Plaintiff"),

initiated this action by filing a Complaint against Defendants, Monica M. Archie

("Archie") and Sheila Corbett ("Corbett"), individually and d/b/a PM Bistro &

Lounge, and 2009 State Street Enterprises, LLC ("State Street"), an unknown

business entity d/b/a PM Bistro & Lounge, alleging that Defendants violated the

Communications Act of 1934 and the Cable & Television Consumer Protection and

Competition Act of 1992.  [Dkt. 1.]

Thereafter, on August 22, 2017, Plaintiff filed a Proof of Service indicating

that service of process was made on Defendant Archie on or about July 13, 2017.

[Dkt. 9.]  Notably, however, the Summons that accompanies Plaintiff's Proof of

Service is <u>not</u> signed by the Clerk of Court, nor does it bear the Court's seal.[1]  [See Dkt. 9 (Page 2).]  On November 13, 2017, Plaintiff filed a Proof of Service indicating that service of process was purportedly made on Defendant State Street on or about November 9, 2017.  [Dkt. 16.]  There is no indication, however, that the Summons referenced therein is actually the signed and sealed version issued by the Court [Dkt. 3], as opposed to the unsigned and unsealed version that had purportedly been given to Defendant Archie [Dkt. 9 (Page 2).]

Upon Plaintiff's request, an Entry of Default was issued on January 9, 2018. [Dkt. 17, 18.]  Thereafter, on April 16, 2018, Plaintiff moved for a Default Judgment against all Defendants.  [Dkt. 19.]  Significantly, Defendant Archie does not recall receiving any document in this case other than Plaintiff's most recently filed Motion for Default Judgment.  Upon receipt of same, Defendant Archie provided a copy to undersigned counsel who, thereupon, contacted Plaintiff's counsel to introduce himself and then filed a Motion to Set Aside Entry of Default.  [Dkt. 20.]  This Brief is filed in support of that Motion on behalf of Defendant Archie and Defendant State Street.[2]

---

[1] To be sure, a signed copy of the Summons was, in fact, issued by this Court on April 27, 2017.  [Dkt. No. 3.]  That is not, however, the Summons that accompanies Plaintiff's Proof of Service.

[2] The undersigned counsel does not represent Defendant Sheila Corbett.

## II.    Statement of Question Involved

**Whether the Entry of Default should be set aside as against Defendant Archie and Defendant State Street?**

**Suggested Answer:  Yes.**

## III.    Argument

Upon the Clerk's issuance of an Entry of Default, "the court may set [it] aside for good cause … ."  Fed. R. Civ. P. 55(c).  This Court recently summarized the topic as follows:

> The decision to set aside default is discretionary.  <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194 (3d Cir. 1984). Generally, courts disfavor defaults and any doubts should be resolved in favor of setting the default aside and reaching a decision on the merits.  <u>Id.</u> at 194–95; <u>Gross v. Stereo Component Sys., Inc.</u>, 700 F.2d 120, 122 (3d Cir. 1983).  Courts should apply a standard of "liberality" and not one of "strictness" in deciding a typical motion to set aside a default.  <u>Medunic v. Lederer</u>, 533 F.2d 891, 893–94 (3d Cir. 1976) (citation omitted); <u>see also</u> <u>$55,518.05 in U.S. Currency</u>, 728 F.2d at 195.  Additionally, "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, 691 F.2d 653, 656 (3d Cir. 1982).

<u>Austin v. Nugent</u>, No. CV 3:16-1567, 2016 WL 7048994, at *5 (M.D. Pa. Dec. 5, 2016) (Mannion, J.).

The U.S. Court of Appeals for the Third Circuit has identified three (3) factors that should be considered when determining whether to set aside a default judgment: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's

culpable conduct. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Defendants can satisfy each enumerated factor in favor of setting aside the Entry of Default.

### A.   Plaintiff will not be prejudiced if the Entry of Default is set aside.

Plaintiff will not be prejudiced in any way if the Entry of Default is set aside and this action is allowed to continue. Indeed, "[m]ere delay in realizing satisfaction on a claim rarely rises to the level of prejudice required to prevent setting aside default." Austin, 2016 WL 7048994, at *6. As it relates to this factor in particular, Plaintiff simply contends that it "is satisfied because if the Court does not grant default judgment, Plaintiff will be left without recourse against these Defendants." [Dkt. 19-8 (Page 13).] Plaintiff has not shown, let alone alleged, that its "ability to pursue the claim has been hindered since the entry of default judgment by loss of evidence or otherwise." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983).

> [Plaintiff] has not alleged, nor does the record indicate, that there are any overriding concerns of this nature such that special harm or prejudice would result to her if the entry of default were vacated. While [Plaintiff] may be subjected to some additional delays in realizing the satisfaction of her claim, nothing in this case indicates that her overall ability to pursue her claims would suffer. This factor, therefore, weighs in favor of setting aside the entry of default against [Defendant].

Clowney v. URS/AECOM, URS Fed. Servs., No. CV 3:17-0223, 2018 WL 487843, at *2 (M.D. Pa. Jan. 19, 2018) (Mannion, J.).

- 4 -

### B.    Defendants have a meritorious defense.

Defendant Archie and Defendant State Street have a meritorious defense to the claims levied against them, to wit, the manner and extent to which the *Program* at issue was actually displayed.  Indeed, Plaintiff itself concedes that it "is unsure of the specific method of violation."  [Dkt. 19-8 (Page 8).]  Moreover, and regardless how the *Program* was displayed, Defendants intend to demonstrate that they did not willfully violate either Section 605 or 533, nor was any such alleged violation done for purposes of commercial advantage or private financial gain.  E.g., Austin, 2016 WL 7048994, at *5 ("The defaulting party is not required to prove beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merit on its face.").

In addition, Defendant Archie will argue that she cannot be held individually liable for any alleged violation because she did not knowingly authorize a violation of any applicable law, nor did she have the ability to supervise the violation, nor, most importantly, did she receive a direct financial benefit from such activity.  See e.g., J & J Sports Produs., Inc. v. Kraynak, No. CV 3:10-2486, 2013 WL 228962, at *7 (M.D. Pa. Jan. 22, 2013) (Munley, J.) ("Finally, plaintiff argues Defendant Kraynak received a direct financial benefit from airing plaintiff's program because he is the sole shareholder of Nak's by the Tracks.  Although proof Defendant Kraynak is the sole shareholder satisfies the first step of the individual liability test

(ability to supervise) it is insufficient to satisfy the second step (direct financial benefit).  Our standard imposing individual liability requires plaintiff to do more than simply state Defendant Kraynak is the sole shareholder.  _Plaintiff must prove a direct financial benefit by illustrating that the airing of plaintiff's program acted as a draw for customers._  In this regard, plaintiff has failed.  Thus, plaintiff's inability to prove the infringing material acted as a draw for customers is fatal to their claim that Defendant Kraynak received a direct financial benefit from broadcasting plaintiff's program.  Accordingly, the court will not hold Defendant Chris Kraynak individually liable for the Section 605(a) violation.") (emphasis added) (footnote omitted).

Moreover, even assuming Defendant Archie and Defendant State Street were served with copies of the Complaint in this matter, there is no indication that they were also provided with signed, sealed copies of the Summons issued by this Court, as is required by Fed. R. Civ. P. 4(a)(1)(F) and (G).  To the contrary, as noted _supra_, the Proof of Service submitted by Plaintiff actually demonstrates a deficiency that could provide grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(4).

### C.    The Entry of Default was not the result of culpable conduct.

Lastly, Defendants' delay in responding to the Complaint, which resulted in the Entry of Default, was not "willful or in bad faith."  Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d. Cir. 1982); see also Hritz v. Woman Corp., 732

F.2d 1178, 1193 (3d Cir. 1984) (noting the standard for culpable conduct requires more than mere negligence).  To reiterate, Defendant Archie does not specifically recall receiving any document in this case other than the Application for Default Judgment [Dkt. 19], which was filed by Plaintiff on April 16, 2018.  Upon receipt of same, Defendant Archie provided a copy to undersigned counsel, who, thereupon, contacted Plaintiff's counsel to introduce himself and then filed a Motion to Set Aside Entry of Default.  [Dkt. 20.]

## IV.    Conclusion

For all of these reasons, Defendants, Monica M. Archie and 2009 State Street Enterprises, LLC, respectfully request that the Clerk's Entry of Default be set aside. Doing so will "follow a policy that courts in this Circuit strongly prefer, that cases should be judged on the merits and not on a procedural technicality." Mir v. Behnke, No. CV 1:15-2233, 2016 WL 3269093, at *2 (M.D. Pa. June 15, 2016) (Jones, J.).

Respectfully submitted,

Pillar+Aught

By:    /s/ *Dean Piermattei*
Dean F. Piermattei, Esq.
Attorney I.D. No. 53847 (PA)
dpiermattei@pillaraught.com
Pillar+Aught
4201 E. Park Circle
Harrisburg, PA  17111
(717) 308-9910 (phone)
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2018, a true and correct copy of the foregoing

Brief in Support of Motion to Set Aside Entry of Default was served electronically

on the following:

Johanna H. Rehkamp
Ralph M. Salvia
Cunningham Chernicoff & Warshawsky, P.C.
2320 North Second Street
Harrisburg, PA  17110
*Attorneys for Plaintiff*

I understand that notice of this filing will be sent to all parties of record by

operation of the Court's electronic filing system, and that parties may access this

filing through the Court's system.


/s/ *Dean Piermattei*