# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J & J SPORTS PRODUCTIONS, INC.** | : | |
|     Plaintiff | : | No. 1:17-cv-00745 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| **MONICA M. ARCHIE, et al.,** | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are: (1) Plaintiff J & J Sports Productions, Inc. ("Plaintiff")'s motion for default judgment against Defendants Monica M. Archie ("Defendant Archie"), Sheila J. Corbett ("Defendant Corbett"), and 2009 State Street Enterprises, LLC ("Defendant 2009 SSE") (collectively referred to herein as "Defendants") (Doc. No. 19); and (2) Defendants Archie and 2009 SSE's motion to set aside the entry of default (Doc. No. 20).[1] For the reasons stated below, the Court will grant Defendants Archie and 2009 SSE's motion to set aside the entry of default and deny Plaintiff's motion for default judgment.

## I. BACKGROUND

On April 27, 2017, Plaintiff initiated the above-captioned action by filing a complaint against Defendants. (Doc. No. 1.) On August 22, 2017, Plaintiff filed a certificate of service as to Defendant Archie. (Doc. No. 9.) On November 13, 2017, Plaintiff filed affidavits of service as to Defendants Corbett and 2009 SSE. (Doc. Nos. 15, 16.) On January 9, 2018, Plaintiff filed a motion for the entry of default against Defendants (Doc. No. 17), and the Clerk entered default against Defendants (Doc. No. 18). Plaintiff then filed the instant motion for a default judgment

---

[1] Defendants Archie and 2009 SSE's motion to set aside the entry of default (Doc. No. 20), pertains only to the entry of default as to those two defendants and does not pertain to the entry of default as to Defendant Corbett.

against Defendants on April 16, 2018. (Doc. No. 74.) Defendants Archie and 2009 SSE filed the instant motion to set aside the entry of default (Doc. No. 20), on April 26, 2018 and a brief in support thereof (Doc. No. 21), on May 10, 2018. On May 25, 2018, Plaintiff filed a brief in opposition to the motion to set aside the entry of default. (Doc. No. 23.) Because the applicable deadlines for further briefing have passed, the motions are ripe for disposition.

## II.   LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: [2] "(1) prejudice to the plaintiff

---

[2] The Court must consider these same three factors when determining whether to set aside an entry of default. See Malibu Media, LLC v. Waller, No. 15-cv-3002, 2016 WL 184422, at *2-3 (D.N.J. Jan. 15, 2016) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). The standard for setting aside an entry of default is more lenient than the standard for setting aside a default judgment. See Nat'l Specialty Ins. Co. v. Papa, No. 11-cv-2798, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012) (citing Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Meehan v. Snow, 656 F.2d 274, 276 (2d Cir. 1981); Wright et al., supra, at § 2692.

if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[3] Chamberlain, 210 F.3d at 164 (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). Yet, if the defendant has been properly served but fails to appear, plead, or defend an action, a court may "enter a default judgment based solely on the fact that the default occurred," without considering the Chamberlain factors. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." Wright et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (citations omitted). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual

---

[3] In the context of the Chamberlain factors, the culpable conduct in the third factor refers to "dilatory behavior that is willful or in bad faith." See Clowney v. URS/AECOM, URS Fed. Services, No. 17-cv-223, 2018 WL 487843, at *3 (M.D. Pa. Jan. 19, 2018) (quoting Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 148 (E.D. Pa. 2001)) (internal quotation marks omitted). More than mere negligence is required for conduct to be culpable. See Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984).

3

allegations or legal conclusions relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III. DEFENDANTS ARCHIE AND 2009 SSE'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT

### A. Parties' Arguments

Defendants Archie and 2009 SSE argue that the Court should set aside the entry of default because Plaintiff has not alleged any special circumstances or factors that would indicate that its overall ability to pursue its claims would suffer if the entry of default is set aside, which indicates that Plaintiff would not be prejudiced if the entry of default is set aside. (Doc. No. 21 at 3-4.) Defendants Archie and 2009 SSE next argue that they have a meritorious defense and detail multiple defenses against the claims asserted against them. (Id. at 5-6.) They also allege that service upon Defendant Archie was improper due to the unsigned and unsealed summons included in Plaintiff's certificate of service, and there is no evidence to indicate that service upon Defendant 2009 SSE was not also improper. (Id. at 6.) Finally, Defendants Archie and 2009 SSE argue that their failure to respond to the complaint in a timely manner was not willful or in bad faith. (Id. at 6-7.) Specifically, they claim that Defendant Archie has no recollection of receiving any document in this case aside from the instant motion for default judgment, upon whose receipt Defendant Archie contacted counsel. (Id. at 7.)

In response, Plaintiff first argues that it has been prejudiced by Defendants Archie and 2009 SSE's failure to answer because it has been delayed in prosecuting its case, conducting discovery, and seeking relief. (Doc. No. 23 at 4.) Plaintiff next argues that Defendants Archie and 2009 SSE's purported defenses are not meritorious as to the asserted claims. (Id. at 5.) Plaintiff then asserts that the conduct of Defendants Archie and 2009 SSE was culpable because they failed to provide reasonable explanations for their failure to participate in the above-

4

captioned action until after Plaintiff moved for a default judgment. (Id. at 6.) Finally, Plaintiff asserts that alternative sanctions would not be effective against Defendants and that Defendants waived potential service arguments pursuant to Federal Rule of Civil Procedure 12(b)(4) by not raising the defense in a timely manner. (Id. at 6-8.)

> B. **Whether the Court Should Set Aside the Entry of Default as to Defendants Archie and 2009 SSE**

The Court finds that Defendant has failed to serve Defendant Archie in accordance with Federal Rule of Civil Procedure 4, which requires a plaintiff to serve a defendant with a copy of the summons that is signed by the Clerk of Court and bears the Court's seal. See Fed. R. Civ. P. 4(a)(1)(F-G), (c)(1). Plaintiff's document filed as proof of service as to Defendant Archie indicates that Defendant Archie was served with a copy of the summons that was unsigned by the Clerk of Court and did not bear the Court's seal. (Doc. No. 9.) District courts in the Third Circuit have found a showing of improper service sufficient to vacate an entry of default. See Malibu Media, LLC v. Doe, No. 17-1315, 2018 U.S. Dist. LEXIS 14920, at *2 (M.D. Pa. Jan. 30, 2018) (vacating entry of default due to defect in service of process); Callan v. Patel, No. 15-cv-2357, 2017 WL 4310071, at *4 (M.D. Pa. Sept. 28, 2017) (granting motion to set aside entry of default because the defendant was not properly served). Accordingly, the Court will set aside the entry of default against Defendant Archie without specifically addressing the Chamberlain factors.[4] See Callan, 2017 WL 4310071, at *4.

---

[4] Assuming arguendo that a Chamberlain analysis were necessary as to Defendant Archie, the Court would reach the same conclusion and grant the motion to set aside the entry of default against her. In addition to the reasons addressed infra in the Court's Chamberlain analysis relating to Defendant 2009 SSE, Defendant Archie's additional asserted defense relating to her alleged lack of direct financial benefit (Doc. No. 21 at 5-6.), and her lack of recollection of having been served with documents related to this case before she received the instant motion for default judgment (id. at 7), demonstrate that good cause exists to set aside the entry of default against Defendant Archie.

The Court also finds that Defendant 2009 SSE has shown good cause to set aside the entry of default against it. In regard to the first Chamberlain factor, whether Plaintiff will be prejudiced by setting aside the entry of default, the Court concludes that Plaintiff's claim would not "be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." See Microtech Knives, Inc. v. Benson, No. 15-cv-140, 2015 WL 6642972, at *2 (W.D. Pa. Oct. 30, 2015) (quoting Dizzley, 202 F.R.D. at 147-48) (internal quotation marks omitted). Therefore, the first Chamberlain factors weighs in favor of setting aside the entry of default against Defendant 2009 SSE. Next, the Court concludes, upon consideration of Defendant 2009 SSE's purported defenses (Doc. No. 21 at 5-6), including defenses related to the manner of, purpose behind, and benefit of the alleged violation, that the second Chamberlain factor also weighs in favor of setting aside the entry of default against Defendant 2009 SSE. Finally, although Defendant 2009 SSE fails to explain why it did not respond to Plaintiff's complaint in a timely manner, the Court is unaware of any facts that indicate that Defendant 2009 SSE's failure to respond was "willful or in bad faith," rather than due to Defendant 2009 SSE's negligence or some other less culpable reason. Thus, "mindful of the liberal application of the factors that a [c]ourt should take when analyzing whether to set aside default as well as the Third Circuit's requirement that 'doubtful cases' be resolved in favor of the party moving to set aside the default," KMB Agro-Chemicals, LLC v. Plastic World Recycling, Inc., No. 16-cv-2258, 2017 WL 54773, at *3 (M.D. Pa. Jan. 4, 2017), the Court finds that the third Chamberlain factor likewise weighs in favor of setting aside the entry of default as to Defendant 2009 SSE. Accordingly, the Court concludes, upon consideration of the three Chamberlain factors, that setting aside the entry of default as to Defendant 2009 SSE is appropriate.

## IV. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Courts exercise caution with respect to motions for default judgments in cases involving multiple defendants. See, e.g., West Am. Ins. Co. v. Boyarski, No. 11-cv-2139, 2012 WL 4755372, at *2 (M.D. Pa. Oct. 5, 2012) (quoting Tenn. Farmers Mut. Ins. Co. v. Tim W. Smith Props., LLC, No. 11-cv-0057, 2012 WL 956182, at *2 (E.D. Ark. Mar. 21, 2012)) ("In a multiple-defendant case, default judgment against one defendant should be avoided if the default judgment could create 'inconsistent and unsupportable' results as to the non-defaulting defendants."). Therefore, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants." Id. (citing Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 850 (D.N.J. 2008)).

In this action, although the Clerk of Court has entered default as to Defendant Corbett (Doc. No. 18), and a review of the docket indicates that Defendant Corbett has failed to respond to Plaintiff's complaint or motion for default judgment, Defendants Archie and 2009 SSE will be, upon entry of the Court's Order corresponding with this Memorandum, non-defaulting defendants.[5] The Court thus concludes that it would be inappropriate to grant Plaintiff's motion at this time as to Defendant Corbett. See Boyarski, 2012 WL 4755372, at *2 (stating that "default judgment against one defendant should be avoided" in multi-defendant cases due to the potential for "inconsistent and unsupportable results" in regard to the non-defaulting defendants).

---

[5] Because the Court is setting aside the entry of default as to Defendants Archie and 2009 SSE, Plaintiff's motion for default judgment will be denied as moot as to those two defendants.

7

Accordingly, the Court finds that the entry of a default judgment against Defendant Corbett is not warranted at this time.[6]

## V.     CONCLUSION

Based on the foregoing, Defendants Archie and 2009 SSE's motion to set aside the entry of default (Doc. No. 20), will be granted, and Plaintiff's motion for default judgment (Doc. No. 19), will be denied without prejudice as to Defendant Corbett and denied as moot as to Defendants Archie and 2009 SSE.  An appropriate Order follows.

---

[6] However, consistent with other district courts' treatment of such motions in similar circumstances, the Court will deny Plaintiff's motion without prejudice to the right of Plaintiff to renew its motion "after the claims have been resolved against the non-defaulting [d]efendant[s]." See Boyarski, 2012 WL 4755372, at *3 (denying motion for default judgment without prejudice).